Gregory G. Schultz
Jeffrey R. Kuchel
CROWLEY FLECK PLLP
305 South 4th Street East, Suite 100
P.O. Box 7099
Missoula, MT 59807-7099
Telephone: (406) 523-3600
gschultz@crowleyfleck.com
jkuchel@crowleyfleck.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| COUNTY OF POWELL, a political subdivision of the State of Montana, Plaintiff, vs. UNITED STATES OF AMERICA; DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE; and JACQUELINE LAVELLE, in her capacity as Superintendent of the Grant-Kohrs Ranch National Historic Site, Defendants. | Case No. **COMPLAINT (QUIET TITLE)** **(28 U.S.C. § 2409A)** |

The COUNTY OF POWELL, a political subdivision of the State of Montana ("Powell County"), through its undersigned counsel, for its Complaint to quiet title against the UNITED STATES OF AMERICA; the DEPARTMENT OF THE

INTERIOR; the NATIONAL PARK SERVICE; and JACQUELINE LAVELLE in her capacity as Superintendent of the Grant-Kohrs Ranch National Historic Site, pursuant to 28 U.S.C. § 2409a, alleges as follows:

1. This is an action to quiet title to a County road easement ("the Road") owned and administered by Powell County, which Road runs through a portion of the Grant-Kohrs Ranch National Historic Site ("the Site"), as free and clear of any claim adverse thereto asserted by the United States of America, acting through the Department of the Interior, acting through the National Park Service, acting through Jacqueline Lavelle, Superintendent of said Site.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal question), § 2409a (Federal Quiet Title Act), § 1346(f) (exclusive jurisdiction over quiet title actions in which the United States claims an interest), and § 2412 (Equal Access to Justice Act). 28 U.S.C. § 2409a constitutes a valid waiver of the United States' sovereign immunity.

3. Venue lies in the District of Montana, Helena Division, pursuant to 28 U.S.C. § 1391(b)(2) and (e) and § 1402(d) and Local Rule 1.2(c)(4) because the real property at issue is located in Powell County and all events or occurrences giving rise to Powell County's claims occurred in said County.

4. Plaintiff Powell County is a political subdivision of the State of Montana, existing and operating in accordance with the laws of the State of

Montana, and acting through a duly elected Board of Commissioners. Powell County owns and operates public roads and highways known as County roads, including the County road at issue in this action.

5. The United States of America is the owner of certain public lands which it administers through the Department of the Interior, which, per 54 U.S.C. § 100301, in turn sometimes operates through its agency, the National Park Service. The National Park Service is an agency within the Department of the Interior to which Congress, per 54 U.S.C. § 100501, delegated authority to administer National Historic Sites.

6. The United States owns that public land designated as the Grant-Kohrs Ranch National Historic Site, situated adjacent to the City of Deer Lodge, subject to the County road through said Site asserted and claimed by Powell County.

7. The Site was initially established by Public Law 92-406, 86 Stat. 632, approved August 25, 1972. The boundaries of the Site were modified by Public Law 105-365, 112 Stat. 3301, approved November 10, 1998, said legislation known as the Boundary Adjustment Act of 1998. Pursuant to the Act, the boundaries of the Site were modified as per Boundary Map 80030-3, dated January, 1998, a copy of which map is attached hereto as Exhibit A. The map

depicts the location of the Road as it traverses that portion of the Site located within Section 32, Township 8 North, Range 9 West, M.P.M.

8. Jacqueline Lavelle is the Superintendent of the Site and, in such capacity, has asserted claims adverse to the subject County road at issue in this action, that is, the alleged non-existence or limited nature of the Road, and thereby clouded title to same.

9. Powell County, as a County duly created and existing under the laws of the State of Montana, enjoys easement rights in those public roads classified as County roads, including the right of public travel over said roads subject to County control and management. The County, through its Commissioners, is charged with, inter alia, the creation, recognition, maintenance, alteration, improvement and abandonment of County roads.

10. That County road known as Powell County Road No. 9, also now known as the West Side Road, is part of a longer stretch of public road known as the Old Yellowstone Trail which once was the main thoroughfare for public travel between Deer Lodge and what is now Missoula. That portion of the Road extending from the City of Deer Lodge to Garrison has been known as County Road No. 9 since at least 1903. The Road runs from Washington Street in the City of Deer Lodge, North to Garrison, on the West side of the Clark Fork River.

11. The segment of the Road at issue in this Cause commences at Washington Street in the City of Deer Lodge and thence runs Northerly through that portion of Section 32, T. 8 N., R. 9 W., M.P.M., which constitutes a portion of the Site. The exact location of the Road is as depicted on Exhibit A hereto and on the plan for the proposed recreational trail on the Road attached as Exhibit B hereto.

12. In 2018, the County, acting through its Parks and Trails Board, commenced that public trail project known as the Old Yellowstone Trail and adopted the Old Yellowstone Trail Management and Facilities Plan. By the Plan, the County sought to establish and build a public recreational pedestrian and bicycle trail over the pathway of the West Side Road, which represents the current location of County Road No. 9. The trail outside of the Site is now complete, save and except for that portion traversing Section 32 at the South end of the Site.

13. The historic establishment and continued existence of County Road No. 9 is reflected in various public records, wherein, at times, the Road is labeled "Road to Hell Gate" or "Road to Garrison." The Road is first depicted on the 1864 official Map of the Territory of Montana, commissioned by the First Legislature of Montana.

14. The Road is depicted on the General Land Office Survey of the Deer Lodge Guide Meridian, dated September 21, 1868, and described in the General Land Office Field Notes for said Survey, dated April 21, 1868.

15. The Road is depicted on the General Land Office Map of Township 8 North, Range 9 West, P.M.M., dated September 5, 1868, and described in those General Land Office Field Notes of the Survey of the Subdivisional Lines of Townships No. 7 and 8 North, Range No. 9 West of the Principal Meridian, of the same date.

16. The Road is depicted in the Government Land Office Survey, dated January 3 and 5 of 1869.

17. All Government Land Office surveys evidence the Road as running over public land.

18. The "Map of Road District No. 1 Deer Lodge Co., Mont." approved by order of the County Commissioners on June 19, 1896, and signed by the County Clerk and Recorder and affixed with the County seal, depicts the Road and constitutes the County's recognition and acknowledgment of the Road as a County road.

19. The Road is itemized as No. 9 and specified as a public highway in the Powell County Commissioner's Road Record Book, on Page 1, dated June 2,

1903, which constitutes the County's formal recognition and acknowledgment of the Road as subject to County jurisdiction.

20. In the 1907 Commissioners' Record, Book 2, Page 165, dated July 19, 1907, the Commissioners order that all roads which have been used by the public since 1900 are declared to be "County public highways."

21. The 1911 Official Map of Powell County, drawn by the County Surveyor, depicts the Road.

22. The Road is depicted on the 1921 Survey Map of Deer Lodge and vicinity as commencing at Washington Street and proceeding North through the subject Section 32.

23. By correspondence extant in the Commissioners' minutes dated January 3, 1921, various citizens protested planned changes to the location of the Road, there calling it the Yellowstone Trail.

24. The pathway of the Road was relocated several times to the West, to its current location known as the West Side Road, to accommodate the agricultural and ranching needs of underlying owners.

25. The Road is depicted on an aerial photograph of the City of Deer Lodge dated August 3, 1955.

26. The Road is depicted on USGS Quadrangle Maps dated 1958, 1959, 1967, and 1970.

27. The Road is depicted on the 1959 Powell County Water Resources Survey as running adjacent to the West side of the Kohrs Ditch.

28. The Road is depicted on the Right of Way Plan of I-90 Federal Aid Project, dated December 5, 1970.

29. The initial deed to the United States for what would become the Grant-Kohrs Ranch National Historic Site, which is a Deed from Conrad and Nellie Warren to the National Park Foundation dated November 13, 1970, conveying a Scenic Easement only in the subject Section 32, employs a legal description which describes the subject Road as a "County Road."

30. The Deed from the Warrens to the United States for a fee simple interest in the subject Section 32, dated February 7, 1974, was expressly subject to "existing easements for public roads, public highways."

31. By Deed executed on January 16, 1975, by the Warrens to the United States, the Warrens conveyed a fee simple interest in a portion of Section 33 now part of the Site, subject to the same public road easements stated in the above December 7, 1974, Deed. The "subject to" language was expressly noted in correspondence from the Office of the Attorney General to the Secretary of the Interior dated February 13, 1976, in which the Attorney General also noted that the Department had advised his office that the "rights and easements . . . will not interfere with the proposed use of the land."

32. The Powell County General Highway Map, dated December 31, 1977, issued by the Montana Department of Highways, depicts the Road.

33. The Boundary Map of the Site, by the National Park Service, item no. 451/80013, dated January 25, 1980, depicts the Road.

34. The June 16, 1988, Trustee's Deed from Norwest Capital Management to the United States for the Department of the Interior, National Park Service, for the balance of the real property constituting the Site, including the subject Section 32, employs a legal description describing the Road as a County Road and again subject to "Existing easements for public roads and highways."

35. USGS Quadrangle Maps for 1994 and 1996, for the subject Site area, depict the Road.

36. Public Law 105-365, enacted November 10, 1998, regarding Boundary Adjustment of the Site, employs Department Map 451/80030, dated January, 1998, which depicts the Road.

37. USGS Quadrangle Maps, covering the subject Site area for 2011 and 2020, depict the Road.

38. County Road No. 9 was established as a public highway by Federal statute (R.S. § 2477) and subsequently declared and acknowledged as a County road by State statutes recognizing public highways and by the requisite County Commissioner actions and orders. County Road No. 9 has been a road in public

use from the time of the Civil War; was recognized as a County road under State statute and by Commissioner order several times around the turn of the century; and has remained in public use from the time of its recognition as a County road until the relatively recent past.

39. Because the establishment and use of the Road precedes even the General Land Office surveys, the Road has its origin in public use over public land, which use, per Revised Statute § 2477 (Act of July 26, 1866, later 83 U.S.C. § 932), operated as the requisite acceptance of the Statute's offer of public highway status. The Road was established as a public highway per R.S. § 2477 because public use of the Road had continued for the requisite five-year period some years before the underlying land came out of the public domain by patent.

40. After the Road's creation as a public highway by R.S. § 2477, Powell County, or its predecessor, established its jurisdiction over the Road as Road No. 9 independently under Montana law by official approval of Road District maps which clearly depicted the Road as a County Road; by operation of Montana Political Code § 2600 (1895), which served to establish the Road as a public highway under State law; by official declaration that the Road is a County Road; and by operation of Rev. Code Mont. § 1337 (1907), which is nearly identical to § 2600, and also served to declare existing public thoroughfares to be public

highways.  The Commissioners issued official public declarations under both statutes effectively declaring the Road to be a County road.

41. County Road No. 9 has never been abandoned and the County's authority over its roads is complete and exclusive.  Section 7-14-201, MCA; § 7-14-2100, et seq., MCA.

42. Historically, Powell County has allowed the North and South ends of the Road through Section 32 to be gated, to accommodate agricultural and ranching use of the land by the Site and its predecessors.  Neither the Site, nor its predecessors, have ever asserted that the subject gates were intended to constitute exclusive control of the Road and preclude all public use.  Historically, despite the gates, members of the public have made pedestrian and bicycle use of the subject stretch of the Road in Section 32.

43. In June, 2020, during negotiations between the County and Site representatives regarding the County's planned bicycle trail on the pathway of the Road, Site representatives asserted that County Road No. 9 no longer existed and that the County lacked jurisdiction over the Road on its pathway through Section 32 of the Site.  Such assertions, both oral and written, are adverse to the real property interests of Powell County and constitute an unlawful and invalid cloud on the existence and use of County Road No. 9 as owned and administered by the County.

44. The asserted position of the Defendants, repeated after June, 2020, have given rise to an actual controversy regarding the ownership and control of the Road. There is, therefore, a discreet and particularized dispute regarding title to the County's Road as a public easement in which the United States has asserted an interest.

45. Prior to the above-specified date, no act by the Defendants alerted Powell County that the Defendants purported to claim the exclusive right to deny the County its historic access over County Road No. 9. The Defendants posted no signs purporting to preclude public access. The Defendants solicited no public comment regarding any alleged closure. The Defendants held no public meetings regarding any alleged closure nor posted notices of closure in any local newspaper or in the Federal Register. The Defendants circulated no maps indicating closure and no Resource Management Plan, or Environmental Impact Statement, published by the Defendants, asserts road closure.

46. Powell County reasonably could expect the Defendants to exhibit some amount of control over the Road pursuant to the operations of the Site, but less than exclusive control. The Defendants' level of control was never expanded to suggest exclusive control.

47. Powell County did not know, or have reason to know, that the United States claimed adversely to the property of Powell County, that is, County Road

No. 9, until the above-specified date, when Site representatives first asserted the non-existence of the Road.

48. The Site was not established by eminent domain, but rather by consensual real property conveyances which were expressly subject to existing public easement rights and employed legal descriptions which recognized the Road as a County road.

49. The plats employed in the legislation establishing and expanding the Site depict the Road.

50. The United States, and its departments, agencies, and agents and employees, never asserted prior to June, 2020, in writing, that Powell County lacked the authority and jurisdiction to control public use of the Road.

51. Powell County's action is timely pursuant to 28 U.S.C. § 2409a(g).

<u>For A Cause Of Action (Quiet Title)</u>

52. Powell County realleges and incorporates herein by reference all prior paragraphs of this Complaint.

53. Powell County owns and administers Powell County Road No. 9 as a duly-established County road free and clear of any claim of non-existence of the Road, or abandonment of the Road, or limitation on use of the Road, asserted by the United States, by and through the National Park Service, by and through the Superintendent of the Grant-Kohrs Ranch National Historic Site.

54. The United States, through its agency, the National Park Service, unlawfully claims that County Road No. 9 does not exist by reason of failure of establishment of same, or by abandonment of same, or non-use of same, or adverse possession of same, and unlawfully asserts that Powell County lacks the authority to administer the public's use of the Road as a public right-of-way.

55. There is a present existing dispute as to the real property claims of Powell County and the National Park Service on behalf of the Defendants.

56. This claim for relief seeks entry of a decree quieting title, pursuant to 28 U.S.C. § 2409a, to Powell County's County Road No. 9, as an existing and valid encumbrance upon the Grant-Kohrs Ranch National Historic Site, free and clear of any claim by the United States, through the Park Service, adverse to such status of the Road.

57. Powell County lacks any adequate remedy at law and enjoys only the equitable remedy of a declaration by this Court under the Quiet Title Act.

58. Powell County has been required to incur costs and the expense of the services of counsel to prosecute this action. Powell County is entitled to an award of the costs and expenses of litigation, including reasonable attorney and expert witness fees, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412(d), because the position of the United States, as asserted by the National Park Service, is not substantially justified.

WHEREFORE, Powell County respectfully requests the following relief:

A. That this Court enter judgment quieting title to Powell County's County Road No. 9, in the location specified herein on the Defendants' own legislative maps, in favor of Powell County, and declaring that such County Road, as real property owned by Powell County, is free and clear of any adverse claim to the Road by the United States, through the National Park Service, where County Road No. 9 crosses, and so encumbers, the Grant-Kohrs Ranch National Historic Site in Section 32, Township 8 North, Range 9 West, M.P.M.;

B. That this Court award Powell County its reasonable costs and legal fees associated with this litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and/or all other applicable authority; and

C. Such further and additional relief as the Court may deem just and proper.

DATED this 14th day of March, 2022.

                              CROWLEY FLECK PLLP

                              By /s/ Jeffrey R. Kuchel
                                 305 South 4th Street East, Suite 100
                                 P.O. Box 7099
                                 Missoula, MT  59807-099
                                 Attorneys for Powell County