IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| COUNTY OF POWELL, a political subdivision of the State of Montana,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,[1]<br><br>Defendant. | No. CV 22-21-H-SEH<br><br>ORDER |

1. A preliminary pretrial conference to develop a case management plan will be held at 11:00 a.m. on July 6, 2022, at the Chambers of District Judge Sam E. Haddon, **Paul G. Hatfield Courthouse, Helena, Montana**. Lead counsel for each party is to attend in person.

**INSTRUCTIONS TO COUNSEL: PLEASE NOTE MODIFICATIONS IN PRETRIAL CONFERENCE FILING REQUIREMENTS IN PARAGRAPHS 3 AND 7.**

---

[1] The Caption is amended to reflect the proper party in interest. Fed. R. Civ. P. 21; *Sawtooth Mountain Ranch LLC v. United States*, 2020 WL 184576 (D. Idaho Jan. 13, 2020) (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983)).

2. Any motion for extension must be made at least fourteen days before the conference date. Extensions will not be granted absent good cause shown.

3. A party may undertake discovery upon providing the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

**INSTRUCTIONS TO COUNSEL REGARDING FORM AND SERVICE OF DISCOVERY REQUESTS AND OF RESPONSES TO SUCH REQUESTS.**

a. Each category of discovery request, e.g. interrogatory, request for admission, request for production, etc., shall be compiled and served separately. Individual classes or categories of discovery requests shall not be combined for service with other classes or categories of requests.

b. Responses to discovery: (i) shall be separated by discovery class or category; (ii) shall not be combined for answer or response with other classes or categories of discovery requests; and (iii) shall be answered in a form compliant with the Federal Rules of Civil Procedure and L.R. 26.3.

4. Counsel shall meet and confer, develop and agree upon a joint discovery plan on or before **June 15, 2022**. The plan shall be filed on or before **June 24, 2022**, and shall include the parties' proposed dates, established with the

concurrence of the parties, and to be observed by the parties for:

 a. Amendments of pleadings under Fed. R. Civ. P. 15 and joinder of parties under Fed. R. Civ. P. 19 or 20.

 b. Plaintiffs' disclosure and filing of reports of liability and damage experts.

 c. Defendants' disclosure and filing of reports of liability and damage experts.

 d. Plaintiffs' filing of Fed. R. Civ. P. 26(a)(2)(A) and (C) disclosures of all non-retained experts.

 e. Defendants' filing of Fed. R. Civ. P. 26(a)(2)(A) and (C) disclosures of all non-retained experts.

 f. A date certain for the close of discovery.

 g. Filing of all pretrial motions, other than discovery motions, fully briefed.

 h. An attorneys' conference to discuss the final pretrial order preparation.

 i. Filing of a proposed final pretrial order.

5. Disclosure of experts is required. Plaintiff shall disclose liability and damage experts on the same day as ordered. Defendant's liability and damage

experts are to be disclosed as ordered not more than thirty days later.

6.   A date certain for close of discovery within sixty to ninety days of disclosure of Defendant's experts should be proposed. Discovery deadlines established by the order issued following the preliminary pretrial conference may be modified only by a filed written stipulation of the parties and order of Court. Any request for modification of expert disclosure deadline shall be filed not less than seven days before the expert disclosure is due. The pretrial motions deadline and the pretrial order filing date may not be modified or extended except upon order of Court.

7.   Each party shall file a preliminary pretrial statement on or before **June 24, 2022**, which shall fully comply with all requirements of Fed. R. Civ. P. 26(a)(1)(A)(i), (ii) and (iii) and L.R. 16.2(b)(1) and shall include:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses . . .;

> (ii) a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . .;

>    (iii) a computation of each category of damages claimed [and of the damages claimed in each category] by the disclosing party [together with a statement of availability] . . . for inspection and copying . . . [of] documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Fed. R. Civ. P. 26(a)(1)(A)(i), (ii) and (iii).

Failure to file the statements in full compliance with all requirements of this Order could result, without motion, in the imposition of sanctions.

8. Each party shall timely and promptly supplement or correct any disclosures made in the preliminary pretrial statement, under L.R. 16.2 and as ordered in paragraph 7 of this order, if the disclosure is found to be incomplete or incorrect. Such supplementation or correction shall be filed with the Court and served upon counsel of record within 10 days of the date upon which the party learns that supplementation or correction is required.

9. **NOTICE TO COUNSEL:** A lawyer member of the bar of this Court appearing as counsel of record in a case must be prepared to represent the client in all proceedings, to be personally present at all hearings, and to personally participate in all conferences with the Court.

Personal presence and personal participation in hearings and conferences is required and will be excused only upon order of Court issued for good cause

-5-

shown, not less than 48 hours before the date and time set for the hearing or conference.

DATED this 3rd day of June, 2022.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge