Gregory G. Schultz
Jeffrey R. Kuchel
CROWLEY FLECK PLLP
305 South 4th Street East, Suite 100
P.O. Box 7099
Missoula, MT 59807-7099
Telephone: (406) 523-3600
gschultz@crowleyfleck.com
jkuchel@crowleyfleck.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| COUNTY OF POWELL, a political subdivision of the State of Montana<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Cause No.:  CV 22-21-H-SEH<br><br><br>**PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |

Plaintiff COUNTY OF POWELL ("Powell County"), through its undersigned counsel, hereby submits this Preliminary Pretrial Statement pursuant to the Court's June 3, 2022 Order (Doc. 11) and Local Rule 16.2(b)(1).

### A.   BRIEF FACTUAL OUTLINE OF THE CASE

This is an action to quiet title to a County road easement ("the Road") owned and administered by Powell County, which Road runs through a portion of the Grant-Kohrs Ranch National Historic Site ("the Site"), as free and clear of any

adverse claim thereto asserted by the United States of America.  The United States owns that public land designated as the Grant-Kohrs Ranch National Historic Site, situated adjacent to the City of Deer Lodge, subject to the County road through the Site claimed by Powell County.  The Site was initially established by Public Law 92-406, 86 Stat. 632, approved August 25, 1972.  The boundaries of the Site were modified by Public Law 105-365, 112 Stat. 3301, approved November 10, 1998, said legislation known as the Boundary Adjustment Act of 1998.  Pursuant to the Act, the boundaries of the Site were modified as per Boundary Map 80030-3, dated January, 1998.  The map depicts the location of the Road as it traverses that portion of the Site located within Section 32, Township 8 North, Range 9 West, M.P.M.

The Road known as Powell County Road No. 9, also now known as the West Side Road, is part of a longer stretch of public road known as the Old Yellowstone Trail which once was the main thoroughfare for public travel between Deer Lodge and what is now Missoula.  That portion of the Road extending from Deer Lodge to Garrison has been known as County Road No. 9 since at least 1903.  The Road runs from Washington Street in Deer Lodge, North to Garrison, on the West side of the Clark Fork River.  The segment of the Road at issue in this Cause commences at Washington Street and runs Northerly through that portion of Section 32, T. 8 N., R. 9 W., M.P.M., which constitutes a portion of the Site.  The historic establishment and continued existence of County Road No. 9 is reflected in

various public records, wherein, at times, the Road is labeled "Road to Hell Gate" or "Road to Garrison."  The Road is first depicted on the 1864 official Map of the Territory of Montana, commissioned by the First Legislature of Montana, and is thereafter depicted and/or referenced in many historical records in the custody of the County Commissioners, the County Clerk and Recorder, and generally in the public domain.

In 2018, the County, acting through its Parks and Trails Board, commenced that public trail project known as the Old Yellowstone Trail and adopted the Old Yellowstone Trail Management and Facilities Plan.  By the Plan, the County seeks to establish and build a public recreational pedestrian and bicycle trail over the pathway of the West Side Road, which represents the current location of County Road No. 9.  Construction of the trail outside of the Site is ongoing.

Historically, Powell County has allowed the North and South ends of the Road through Section 32 to be gated, to accommodate agricultural and ranching use of the land by the Site and its predecessors.  Neither the Site, nor its predecessors, have ever asserted that the subject gates were intended to constitute exclusive control of the Road and preclude all public use.  Despite the gates, members of the public have made pedestrian and bicycle use of the stretch of the Road in Section 32.  In June, 2020, during negotiations between the County and Site representatives regarding the County's planned bicycle trail on the pathway of

the Road, Site representatives asserted that County Road No. 9 no longer existed and that the County lacked jurisdiction over the Road on its pathway through Section 32 of the Site.  Prior to the above date, no act by the Defendant alerted Powell County that the Defendant purported to claim the exclusive right to deny the County its historic access over County Road No. 9.  The Defendant posted no signs purporting to preclude public access.  The Defendant solicited no public comment regarding any alleged closure.  The Defendant held no public meetings regarding any alleged closure nor posted notices of closure in any local newspaper or in the Federal Register.  The Defendant circulated no maps indicating closure and no Resource Management Plan, or Environmental Impact Statement, published by the Defendant, asserts road closure.  The United States, and its departments, agencies, and agents and employees, never asserted prior to June, 2020, in writing, that Powell County lacked the authority and jurisdiction to control public use of the Road.

Because the oral and written assertions of the Defendant are directly adverse to the real property interests of the County and constitute an unlawful cloud on the existence and use of the Road as administered by the County, the County commenced this Cause under the Federal Quiet Title Act.  The Defendant answered Plaintiff's Complaint on May 27, 2022, with a general denial.

**B.   BASIS FOR FEDERAL JURISDICTION AND VENUE**

This Court has jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 (Federal question), § 2409a (Federal Quiet Title Act), § 1346(f) (exclusive

jurisdiction over quiet title actions in which the United States claims an interest),

and § 2412 (Equal Access to Justice Act).  28 U.S.C. § 2409a constitutes a valid

waiver of the United States' sovereign immunity.  Venue lies in the District of

Montana, Helena Division, pursuant to 28 U.S.C. § 1391(b)(2) and (e) and

§ 1402(d) and Local Rule 1.2(c)(4) because the real property at issue is located in

Powell County and all events or occurrences giving rise to Powell County's claims

occurred in said County.

**C. and D.  FACTUAL AND LEGAL BASIS FOR EACH CLAIM**

1. <u>Because the establishment and use of the Road precedes even the
General Land Office surveys, the Road has its origin in public use over public
land, which use, per Revised Statute § 2477 (Act of July 26, 1866, later 83 U.S.C.
§ 932), operated as the requisite acceptance of the Statute's offer of public
highway status.</u>

<u>**Law:**</u>  Montana law governs the easement at issue here.  *See Alaska Dep't of*

*Nat. Res. v. United States*, 816 F.3d 580, 584 (9th Cir. 2016) ("Acceptance of a

grant [of a right of way under R.S. § 2477] is determined by state law[.]").  *Our*

*Lady of the Rockies v. Peterson, et al.*, 181 P.3d 631 (Mont. 2008), treats all prior

Montana jurisprudence on R.S. § 2477.  Revised Statute § 2477 states as follows:

"The right of way for the construction of highways over public lands, not reserved

for public uses, is hereby granted."  The Statute is "an offer of the right of way for the construction of a public highway on some particular strip of public land."  *Our Lady*, 181 P.3d at 645.  This offer can only be accepted by the "construction" of a public highway in a manner authorized by the laws of the State in which the land is situated.  *Id.*  The first step in determining the applicability of the Statute is to determine the methods for establishing a public highway in Montana during the relevant years.  Prior to July 1, 1895, a public highway could be established either by the "act of the proper authorities, as provided by the statute, or by use by the public, for the period of the statute of limitations as to lands, of the exact route confined to the statutory width of a highway, later claimed to be a public highway . . . ."  *Our Lady*, 181 P.3d at 645, n. 12.  Generally, the relevant method of creation of a public highway under the Statute is use by the public for the requisite period, which, prior to July 1, 1895, was five (5) years.  Accordingly, the proponent of the creation of a public highway by R.S. § 2477 must demonstrate that the alleged public road across public land existed for at least five (5) years before the land went to patent and that the public used the road in the requisite manner for the five-year period.  *Id.*, ¶ 78.  "The rule that acceptance of the R.S. § 2477 offer by mere public use requires use for the statutorily-prescribed period has been repeated in numerous cases since *Mikosowitz*."  *Id.* at 659; *see also Powell County v. 5 Rockin' MS Angus Ranch*, 102 P.3d 1210, 1216 (Mont. 2004) (Public use of road over

Case 6:22-cv-00021-SEH   Document 13   Filed 06/23/22   Page 7 of 29

public land before land became State Section; "Thus, the Deer Lodge County Commissioners had the authority to accept the invitation extended by Congress in § 2477 to create the road, and they did so.")

**Facts**:  County Road No. 9 is so old that it initially ran over what was still public land.  Public use of the road had continued for the requisite five-year period quite some time before the underlying land came out of the public domain by patent.  The earliest evidence of the Road on the ground is 1864 and it probably predates that. The first patent for land in the path of the Road is 1871, for land for the first State college (and not for a homestead).  While Congress repealed R.S. § 2477 in 1976, it did not extinguish any public highways previously established by the law.  It expressly preserved "any rights-of way that existed prior to the date of enactment." *Adams v. United States*, 3 F.3d 1254, 1258 (9th Cir. 1993) (citing 43 U.S.C. § 1769(a)).  County Road No. 9 is the classic public highway first created by R.S. § 2477 and surviving the Statute's repeal.  In an interesting twist, the relevant underlying land now has been returned to the public, as the Grant-Kohrs Ranch Site, but subject to a public way established first before patent as a public highway and then recognized by the County, post-patent, as one of its roads.

2.     After the Road's creation as a public highway by R.S. § 2477, Powell County, or its predecessor, established its jurisdiction over the Road as Road No. 9 independently under Montana law by official approval of Road District maps which clearly depicted the Road as a County Road; by operation of Montana Political Code § 2600 (1895), which served to establish the Road as a public

highway under State law; by official declaration that the Road is a County Road; and by operation of Rev. Code Mont. § 1337 (1907), which is nearly identical to § 2600, and also served to declare existing public thoroughfares to be public highways.

**Law and Facts:**  Prior to 1900, the City of Deer Lodge was the County seat of Deer Lodge County.  In 1896, the County Commissioners of Deer Lodge County officially approved a plat map of Road District No. 1, which District encompassed the City and outlying areas.  County Road No. 9 is clearly depicted on the Commissioners' plat, including that stretch running between the City of Deer Lodge and what is now the Rock Creek Cattle Company Road.  That plat, signed by the County Clerk and Recorder and affixed with the County Seal, establishes County jurisdiction over the Roads depicted thereon, including County Road No. 9.  *See O'Neill v. State ex rel. Dep't of Highways*, 732 P.2d 1330, 1323-33 (Mont. 1987) ("The official plats showing those rights-of-ways, coupled with [evidence of historic use], are sufficient to establish the creation of those avenues.").

In 1896, when the Commissioners approved the plat of Road District No. 1, Montana law provided that "[a]ll highways, roads, streets, alleys, courts, places and bridges, laid out or erected by the public, or now traveled or used by the public . . . are public highways."  Mont. Pol. Code § 2600 (1895).  By statutory fiat, § 2600 operated to establish the Road as a public highway under State law, to the extent it did not already enjoy that status, which status the County formally

recognized by including the Road within its District No. 1. *See Powell County v. 5 Rockin' MS Angus Ranch*, 102 P.3d at 1217 ("We agree that § 2600 served to cure any procedural defects in the creation and dedication of the Bielenberg and Danielsville roads.")  When they approved the plat of the Road District, the Deer Lodge County Commissioners asserted the County's jurisdiction over the "public highway" between Deer Lodge and Garrison as "laid out . . . by the public" along the course set forth on the plat.  Because the Road was clearly located and had been used by the public since at least 1864, it was inevitable that the County would include the Road in its inventory (and platting) of County roads.

By approving the plat of Road District No. 1, the Commissioners not only recognized the Road as a "public highway" but also classified it as a County road. A County road, after all, is simply a "public highway" which falls within the particular jurisdiction of the County.  *See McCauley v. Thompson-Nistler*, 10 P.3d 794, 798-99 (Public highway was a County road even though County had not formally assumed jurisdiction over the road).  The Road then again was recognized as a County road by an official declaration in 1903.  A redistricting occurred shortly after the turn of the century, when jurisdiction over County Road No. 9 transferred from Deer Lodge to Powell County.  The first entry in the Powell County Road Record Book, dated June 2, 1903, reads:

Ordered: That the following roads or portions of roads, situated in District No. 1 are hereby declared public highways, as follows, to-wit:

\* \* \*

No. 9 Road from Deer Lodge to Garrison on the West Side of the Deer Lodge River[.]

The Road had existed long before Powell County was created (and obviously before any entries in the County's Road Book). By operation of § 2600, still in effect in 1903, County Road No. 9 already was a public highway. *See McCauley*, 10 P.3d at 799. The Powell County Commissioners' 1903 Order, like the 1896 plat, formalized recognition of previous County jurisdiction over the Road.

Finally, in 1907, the Legislature enacted another statute which declared existing public thoroughfares to be public highways. The 1907 statute, Rev. Code Mont. § 1337 (1907), is near identical to § 2600. In accordance with the renewed statute, the Powell County Commissioners ordered, in 1907, "[t]hat all roads in the County of Powell, State of Montana, now traveled or used by the public or which have been traveled or used by the public since [the creation of Powell County in] 1900 are hereby declared to be County public highways." Commissioners' Journal, Book 2, p. 165. In short, even if the 1903 Order somehow failed to establish County jurisdiction over the Road, the 1907 Order, which expressly labels the Road as "County," cured any prior procedural omission or defect.

10

3.   <u>County Road No. 9 has never been abandoned</u>.

**Law:**  A County road cannot be abandoned by lack of use, or by adverse possession, and the County's records contain no evidence of formal abandonment of County Road No. 9.  "Abandonment cannot be established by mere implication," and "[m]ere nonuse or lack of maintenance by the County" is not evidence of abandonment.  *McCauley*, 10 P.3d at 800-01.  Indeed, "a public highway cannot be abandoned by anything short of an order by the Commissioners, operation of law, or court order."  *Soup Creek LLC v. Gibson*, 439 P.3d 369, 376; *see also* the equivalent statutory requirements of § 7-14-2615(1), MCA.  Under law consistent since Montana's 1895 Political Code, once established, a public highway exists until the governmental entity with jurisdiction formally abandons it.  *Soup Creek*, 435 P.3d at 374 (describing that Section 2601 of the Political Code "is nearly identical to § 7-14-2615(1), MCA, the present abandonment statute."); *McCauley*, 10 P.3d at 800 ("the intent to abandon required by § 2601 is the same today.").  Section 2601 was recodified in the 1907 Code as § 1340 and maintained the same requirement of official government action to abandon a public highway.  *Barnard Realty Co. v. City of Butte*, 136 P. 1064, 1067 (Mont. 1913).  A public road right of way is not abandoned merely because it hasn't been used, and an unused such right of way is not abandoned unless the government entity takes the requisite official act showing clear intent to abandon.

*See, e.g., Only a Mile, LLC v. State*, 233 P.3d 320, 322 ("The road is overgrown and no longer in general use; however, it is undisputed that it was never formally abandoned and therefore remains a county road with a 60 foot right of way in the location of its original placement").

**Facts:**  There exists no Commissioners' order or court order that County Road No. 9 is abandoned.  Indeed, in 1921, a number of citizens, who apparently used the Road regularly, submitted a petition that the Commissioners "make no changes in the present Highway between Garrison and Deer Lodge" and maintain "the present highway on the west of the Deer Lodge River between Garrison and Kohrs."  There was no petition to abandon the Road before or after this submission.  There is nothing in the public record even suggesting that the Road should be abandoned.  Because the Commissioners never abandoned the Road, the County's sole jurisdiction over the Road continues to this day.  *Soup Creek*, 439 P.3d at 376.

4.     The United States unlawfully claims that County Road No. 9 does not exist by reason of non-use of same or adverse possession of same.

**Law and Facts:**  On a similar note, and also as a matter of law, any fencing or obstruction imposed on the road by the United States or by any third-party does not serve to adversely possess the Road.  "Montana law in this area clearly follows the general rule that title to public roads may not be obtained by adverse possession."  *Baertsch v. County of Lewis and Clark*, 845 P. 2d 106, 111; *see also*

*McCauley*, 10 P.3d at 799-800; Bruce & Ely, *The Law of Easements & Licenses in Land*, § 10:25 (An "easement held by a city in its governmental capacity may not be extinguished by adverse use.")  While a public prescriptive easement may be reversely prescribed, this doctrine does not extend to a platted, declared County road.

The Department's acquisition of the Grant-Kohrs Ranch National Historic Site by sequential conveyances had, and has, no adverse effect on the status of the Road.  The United States took title to the Site land encumbered by County Road No. 9 as a public right-of-way.  As recognized on the face of the deeds from the former private owners of the Site land, title was transferred subject to all existing easements for roads and highways.  The grantor cannot extinguish a property right which the grantor does not hold.  *See*, *e.g.*, §§ 70-1-520 & 70-20-308, MCA.  It is worth noting that a component of the legal description of the Site land in the conveyances to the United States is an express survey call to "the County Road," which forms the western boundary of that portion of the Site located in Section 29.  That the United States, rather than a private individual, took title is irrelevant -- title was transferred by ordinary conveyance, not by eminent domain.

**E.   COMPUTATION OF DAMAGES.**

Plaintiff is not seeking monetary damages in this action.

13

F.   **PENDENCY OF RELATED LITIGATION.**

*See Rock Creek Cattle Company, Ltd., LP, v. Powell County*, Cause No.

DV 2022-42, now pending in Montana Third Judicial District Court, Powell

County.

G.   **PROPOSED STIPULATIONS OF FACT AND THE PARTIES'**
     **UNDERSTANDING AS TO APPLICABLE LAW.**

In addition to the facts stipulated to by the parties in their Statement of

Stipulated Facts, Plaintiff proposes that the Defendant also stipulate to the

following:

1.   Plaintiff Powell County is a political subdivision of the State of

Montana, existing and operating in accordance with the laws of the State of

Montana, and acting through a duly elected Board of Commissioners.  Powell

County owns and operates public roads and highways known as County roads.

(Complaint, ¶ 4).

2.   The Grant-Kohrs Site was initially established by Public Law 92-406,

86 Stat. 632, approved August 25, 1972.  The boundaries of the Site were modified

by Public Law 105-365, 112 Stat. 3301, approved November 10, 1998, said

legislation known as the Boundary Adjustment Act of 1998.  Pursuant to the Act,

the boundaries of the Site were modified as per Boundary Map 80030-3, dated

January, 1998.  The map depicts the location of the Road as it traverses that portion

of the Site located within Section 32, Township 8 North, Range 9 West, M.P.M.
(Complaint, ¶ 7).

3.      Powell County, as a County duly created and existing under the laws
of the State of Montana, enjoys easement rights in those public roads classified as
County roads, including the right of public travel over said roads subject to County
control and management.  The County, through its Commissioners, is charged
with, inter alia, the creation, recognition, maintenance, alteration, improvement and
abandonment of County roads.  (Complaint, ¶ 9).

4.      In 2018, the County, acting through its Parks and Trails Board,
commenced that public trail project known as the Old Yellowstone Trail and
adopted the Old Yellowstone Trail Management and Facilities Plan.  By the Plan,
the County sought to establish and build a public recreational pedestrian and
bicycle trail over the historic pathway of the West Side Road.  The trail outside of
the Site is now complete, save and except for that portion traversing Section 32 at
the South end of the Site.  (Complaint, ¶ 12).

5.      The historic establishment and continued existence of County Road
No. 9 is reflected in various public records, wherein, at times, the Road is labeled
"Road to Hell Gate" or "Road to Garrison."  The Road is first depicted on the 1864
official Map of the Territory of Montana, commissioned by the First Legislature of
Montana.  (Complaint, ¶ 13).

6.     The Road is depicted on the General Land Office Survey of the Deer Lodge Guide Meridian, dated September 21, 1868, and described in the General Land Office Field Notes for said Survey, dated April 21, 1868.  (Complaint, ¶ 14).

7.     The Road is depicted on the General Land Office Map of Township 8 North, Range 9 West, P.M.M., dated September 5, 1868, and described in those General Land Office Field Notes of the Survey of the Subdivisional Lines of Townships No. 7 and 8 North, Range No. 9 West of the Principal Meridian, of the same date.  (Complaint, ¶ 15).

8.     The Road is depicted in the Government Land Office Survey, dated January 3 and 5 of 1869.  (Complaint, ¶ 16).

9.     All Government Land Office surveys evidence the Road as running over public land.  (Complaint, ¶ 17).

10.    The "Map of Road District No. 1 Deer Lodge Co., Mont." approved by order of the County Commissioners on June 19, 1896, and signed by the County Clerk and Recorder and affixed with the County seal, depicts the Road and constitutes the County's recognition and acknowledgment of the Road as a County road.  (Complaint, ¶ 18).

11.    The Road is itemized as No. 9 and specified as a public highway in the Powell County Commissioner's Road Record Book, on Page 1, dated June 2,

1903, which constitutes the County's formal recognition and acknowledgment of the Road as subject to County jurisdiction.  (Complaint, ¶ 19).

12.     In the 1907 Commissioners' Record, Book 2, Page 165, dated July 19, 1907, the Commissioners order that all roads which have been used by the public since 1900 are declared to be "County public highways."  (Complaint, ¶ 20).

13.     The 1911 Official Map of Powell County, drawn by the County Surveyor, depicts the Road.  (Complaint, ¶ 21).

14.     The Road is depicted on the 1921 Survey Map of Deer Lodge and vicinity as commencing at Washington Street and proceeding North through the subject Section 32.  (Complaint, ¶ 22).

15.     By correspondence extant in the Commissioners' minutes dated January 3, 1921, various citizens protested planned changes to the location of the Road, there calling it the Yellowstone Trail.  (Complaint, ¶ 23).

16.     The pathway of the Road was relocated several times to the West, to its current location known as the West Side Road, to accommodate the agricultural and ranching needs of underlying owners.  (Complaint, ¶ 24).

17.     The Road is depicted on an aerial photograph of the City of Deer Lodge dated August 3, 1955.  (Complaint, ¶ 25).

18.     The Road is depicted on USGS Quadrangle Maps dated 1958, 1959, 1967, and 1970.  (Complaint, ¶ 26).

19.     The Road is depicted on the 1959 Powell County Water Resources Survey as running adjacent to the West side of the Kohrs Ditch.  (Complaint, ¶ 27).

20.     The Road is depicted on the Right of Way Plan of I-90 Federal Aid Project, dated December 5, 1970.  (Complaint, ¶ 28).

21.     The initial deed to the United States for what would become the Grant-Kohrs Ranch National Historic Site, which is a Deed from Conrad and Nellie Warren to the National Park Foundation dated November 13, 1970, conveying a Scenic Easement only in the subject Section 32, employs a legal description which describes the subject Road as a "County Road."  (Complaint, ¶ 29).

22.     The Deed from the Warrens to the United States for a fee simple interest in the subject Section 32, dated February 7, 1974, was expressly subject to "existing easements for public roads, public highways."  (Complaint, ¶ 30).

23.     By Deed executed on January 16, 1975, by the Warrens to the United States, the Warrens conveyed a fee simple interest in a portion of Section 33 now part of the Site, subject to the same public road easements stated in the above December 7, 1974, Deed.  The "subject to" language was expressly noted in correspondence from the Office of the Attorney General to the Secretary of the Interior dated February 13, 1976, in which the Attorney General also noted that the

Department had advised his office that the "rights and easements . . . will not interfere with the proposed use of the land."  (Complaint, ¶ 31).

24.   The Powell County General Highway Map, dated December 31, 1977, issued by the Montana Department of Highways, depicts the Road.  (Complaint, ¶ 32).

25.   The Boundary Map of the Site, by the National Park Service, item no. 451/80013, dated January 25, 1980, depicts the Road.  (Complaint, ¶ 33).

26.   The June 16, 1988, Trustee's Deed from Norwest Capital Management to the United States for the Department of the Interior, National Park Service, for the balance of the real property constituting the Site, including the subject Section 32, employs a legal description describing the Road as a County Road and again subject to "Existing easements for public roads and highways." (Complaint, ¶ 34).

27.   USGS Quadrangle Maps for 1994 and 1996, for the subject Site area, depict the Road.  (Complaint, ¶ 35).

28.   Public Law 105-365, enacted November 10, 1998, regarding Boundary Adjustment of the Site, employs Department Map 451/80030, dated January, 1998, which depicts the Road.  (Complaint, ¶ 36).

29.   USGS Quadrangle Maps, covering the subject Site area for 2011 and 2020, depict the Road.  (Complaint, ¶ 37).

30.     Historically, Powell County has allowed the North and South ends of the Road through Section 32 to be gated, to accommodate agricultural and ranching use of the land by the Site and its predecessors.  Neither the Site, nor its predecessors, have ever asserted that the subject gates were intended to constitute exclusive control of the Road and preclude all public use.  Historically, despite the gates, members of the public have made pedestrian and bicycle use of the subject stretch of the Road in Section 32.  (Complaint, ¶ 42).

31.     In June, 2020, during negotiations between the County and Site representatives regarding the County's planned bicycle trail on the pathway of the Road, Site representatives asserted that County Road No. 9 no longer existed and that the County lacked jurisdiction over the Road on its pathway through Section 32 of the Site.  (Complaint, ¶ 43).

32.     Prior to June, 2020, the Defendant never purported to claim the exclusive right to deny the County its historic access over County Road No. 9.  The Defendant posted no signs purporting to preclude public access.  The Defendant solicited no public comment regarding any alleged closure.  The Defendant held no public meetings regarding any alleged closure nor posted notices of closure in any local newspaper or in the Federal Register.  The Defendant circulated no maps indicating closure and no Resource Management Plan, or Environmental Impact Statement, published by the Defendant, asserts road closure.  (Complaint, ¶ 45).

33.     The Site was not established by eminent domain, but rather by consensual real property conveyances which were expressly subject to existing public easement rights and employed legal descriptions which recognized the Road as a County road.  (Complaint, ¶ 48).

34.     The United States, and its departments, agencies, and agents and employees, never asserted prior to June, 2020, in writing, that Powell County lacked the authority and jurisdiction to control public use of the Road.  (Complaint, ¶ 50).

With respect to the applicable law, Plaintiff respectfully submits that federal procedural law and Montana substantive law govern these proceedings.

**H.   PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF PLEADINGS.**

The parties have agreed to a proposed deadline of July 29, 2022, for joinder of parties and amendment of the pleadings.

**I.   CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION.**

1.     Whether County Road No. 9 was duly established as a public highway by operation of R.S. § 2477?

2.     Whether County Road No. 9 was duly established as a County road by the acts of Powell County, including official approval of Road District maps, exercise of Montana enabling legislation, and by official declaration?

3.      Whether Powell County abandoned County Road No. 9?

4.      Whether Defendant or any predecessor adversely possessed County

Road No. 9?

**J.    INDIVIDUALS WITH KNOWLEDGE.**

1.      Commissioner Dan Sager
        Powell County Courthouse
        409 Missouri Avenue, Suite 203
        Deer Lodge, MT  59722
        Commissioner Sager may be contacted through the County's
        undersigned counsel of record.

Mr. Sager has been a Powell County Commissioner since 2019.  He has

personal knowledge of the County's public trail project known as the Old

Yellowstone Trail, the County's assertion of its rights to County Road No. 9, and

the County's official dealings with the Grant-Kohrs Site.

2.      Commissioner Ralph E. Mannix, Jr.
        Powell County Courthouse
        409 Missouri Avenue, Suite 203
        Deer Lodge, MT  59722
        Commissioner Mannix may be contacted through the County's
        undersigned counsel of record.

Mr. Mannix has been a Powell County Commissioner for many years.  He

has personal knowledge of the County's public trail project known as the Old

Yellowstone Trail, the County's assertion of its rights to County Road No. 9, AND

the County's official dealings with the Grant-Kohrs Site.

    3.      Commissioner Doug Crachy
            Powell County Courthouse
            409 Missouri Avenue, Suite 203
            Deer Lodge, MT  59722
            Commissioner Crachy may be contacted through the County's
            undersigned counsel of record.

Mr. Crachy has been a Powell County Commissioner since 2019.  He has

personal knowledge of the County's public trail project known as the Old

Yellowstone Trail, the County's assertion of its rights to County Road No. 9, and

the County's official dealings with the Grant-Kohrs Site.

    4.      County Attorney Kathryn McEnery
            Powell County Courthouse
            409 Missouri Avenue, Suite 301
            Deer Lodge, MT  59722
            Ms. McEnery may be contacted through the County's undersigned
            counsel of record.

Ms. McEnery has been the duly-elected County Attorney for Powell County

since 2018.  She has personal knowledge of the County's efforts to create that

public trail project known as the Old Yellowstone Trail, the design features of the

Trail, the County's dealings and negotiations with private landowners regarding

the Trail, and the County's dealings and communications with the Grant-Kohrs

Site regarding the Trail.  She also has knowledge of the County's establishment

and current existence of County Road No. 9.

5.      County Attorney (former) Lewis K. Smith
        208 Missouri Avenue
        Deer Lodge, MT  59722

Mr. Smith is the former Powell County Attorney and immediate predecessor

to Ms. McEnery.  Mr. Smith has knowledge of the County's initial efforts to

establish the public trail project known as the Old Yellowstone Trail and the

County's dealings and negotiations with the Grant-Kohrs Site regarding the Trail,

and regarding all other matters, during his term of office.

6.      Jacqueline LaVelle, Superintendent
        c/o Defendant

Ms. LaVelle is the Superintendent of the Grant-Kohrs Site.  She has

knowledge of all communications, dealings, and negotiations with Powell County

during her term as Superintendent, including, but not limited to, the existence of

County Road No. 9, public use of the pathway of said Road, the County's efforts to

create that public trail project known as the Old Yellowstone Trail, and the

County's assertion to its right to County Road No. 9.

7.      Jody Walker, County Clerk and Recorder
        Powell County Courthouse
        409 Missouri Avenue, Suite 203
        Deer Lodge, MT  59722
        Ms. Walker may be contacted through the County's undersigned
        counsel of record.

Ms. Walker is the current Clerk and Recorder and Assessor of Powell

County.  In such capacity, she has all knowledge of documents of public record

pertaining to the Grant-Kohrs Site and adjoining real property. She also serves as

de facto Secretary to the County Commissioners and, in such capacity, has

knowledge of the organization and contents of the records of the County

Commissioners.

      8.     Cele Pohle, County Commissioner (former)
              830 Pennsylvania Avenue
              Deer Lodge, MT  59722

Ms. Pohle is the former Assessor of Powell County from 1987 through 2008

and County Commissioner from 2009 through 2014. Ms. Pohle has knowledge of

all communications, dealings, and transactions with the Grant-Kohrs Site during

her term as Commissioner.

      9.     Jonathan Weaver, Great West Engineering
              Great West Engineering
              2501 Beltview Drive
              Helena, MT  59601

Mr. Weaver is the lead engineer for the design and construction of the

County's Old Yellowstone Trail project. He has personal knowledge of the history

of the Trail project, the dealings and negotiations with adjoining private

landowners, and the County's dealings and negotiations with the Grant-Kohrs Site

regarding the relevant portion of the Trail project.

     10.    Amanda Cooley, County Planner
              Powell County Courthouse
              409 Missouri Avenue, Suite 114
              Deer Lodge, MT  59722
              Ms. Cooley may be contacted through the County's undersigned

counsel of record.

Ms. Cooley is the current Planning Director for Powell County.  In such capacity, she has knowledge of the County's public trail project known as the Old Yellowstone Trail, including dealings and negotiations with the Grant-Kohrs Site regarding the Trail during her term as Planner.

> 11.    Scott Hazelton, County Planner (former)
>        1235 Steele Street
>        Butte, MT  59701

Mr. Hazelton is the former Planning Director for Powell County.  He has knowledge of the County's efforts at establishing the public trail known as the Old Yellowstone Trail and the County's dealings and negotiations with the Grant-Kohrs Site regarding that Trail during his term of office.

> 12.    Carl Hamming, County Planner (former)
>        800 Main Street
>        Anaconda, MT  59711

Mr. Hamming is the current Planning Director for Anaconda-Deer Lodge. He is the former Planning Director for Powell County.  He has knowledge of the County's dealings and negotiations with the Grant-Kohrs Site regarding the Old Yellowstone Trail during his term of office.

//

//

//

13.   Andy Fischer, President, County Parks and Trails Board
      Powell County Courthouse
      409 Missouri Avenue, Conference Room, Suite 110
      Deer Lodge, MT  59722
      Mr. Fischer may be contacted through the County's undersigned
      counsel of record.

Mr. Fischer is the current President of the Powell County Parks and Trails

Board, which is a division of the County's Planning Department.  In such capacity,

Mr. Fischer has knowledge of the County's efforts to create that public trail system

known as the Old Yellowstone Trail, including the County's dealings and

negotiations with the Grant-Kohrs Site regarding the Trail.

## K.   INSURANCE AGREEMENT(S) THAT MAY COVER ANY RESULTING JUDGMENT.

Plaintiff is unaware of any insurance policies that may cover any portion of a

resulting judgment.

## L.   PROSPECTS FOR COMPROMISE.

The parties have not yet engaged in formal settlement discussions.  Based on

the communications between the parties thus far, however, it does not appear that

this matter will be resolved by settlement.

## M.   SUITABILITY OF SPECIAL PROCEDURES.

Plaintiff is presently unaware of a need for any special procedures.

## N.   ADDITIONAL CONSIDERATIONS.

None.

Respectfully submitted this 23rd day of June, 2022.

CROWLEY FLECK PLLP


By:  */s/ Jeffrey R. Kuchel*
Gregory G. Schultz
Jeffrey R. Kuchel

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2022, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the District of Montana by using the CM/ECF system.  I certify that all participants having appeared in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

CROWLEY FLECK PLLP


By:  */s/ Jeffrey R. Kuchel*
    Jeffrey R. Kuchel
    *Attorneys for Plaintiff*