MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
FAX: (406) 657-6058
Email: mark.smith3@usdoj.gov

JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E. Front St., Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
FAX: (406) 542-1476
Email: john.newman@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| COUNTY OF POWELL, a political subdivision of the State of Montana,<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,[1]<br><br>Defendants. | CV 22-21-H-SEH<br><br>UNITED STATES' CORRECTED PRELIMINARY PRETRIAL STATEMENT |

Pursuant to the Court's Order of June 3, 2022 (Doc. 11, ¶ 8) and L.R. 16.2(b)(1), the United States provides the following corrected preliminary pretrial statement:

---

[1] The caption is amended to reflect the proper party in interest. Fed. R. Civ. P. 21; *Sawtooth Mountain Ranch LLC v. United States,* 2020 WL 184576 (D. Idaho Jan. 13, 2020) (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273, 286 (1983)).

**A.     A brief factual outline of the case.**

Plaintiff asserts that a road that runs north-south through Grant Kohrs Ranch National Historic Site (GRKO), owned and operated by the National Park Service, Department of the Interior (NPS), is a county right-of-way, established in part, under Revised Statute 2477 (R.S. 2477). The road is located specifically in the E½ of Section 32, Township 8 North, Range 9 West, of the Montana Principal Meridian and is also referred to as the West Side Road. Recently, Plaintiff has included that portion of the road as it traverses GRKO in its plans to establish a recreational trail known as the Old Yellowstone Trail (OYT) and has brought this action to quiet title to the alleged right-of-way.

**B.     The basis for federal jurisdiction and for venue in the division.**

Plaintiffs claim federal court jurisdiction is provided by the federal question statute (28 U.S.C. § 1331), the Quiet Title Act (28 U.S.C. § 2409a), 28 U.S.C. § 1346(f), and the Equal Access to Justice Act (28 U.S.C. 2412). Plaintiff claims that venue is proper in the Helena Division because the real property at issue is located in, and all events giving rise to Plaintiff's claims occurred in, Powell County.

**C.     The factual basis of each claim or defense advanced by the party.**

Plaintiff's claims are time-barred under the QTA because GRKO

blocked and controlled the West Side Road when it acquired the property in 1988. The United States' predecessor in interest (Con Warren), also blocked and controlled the West Side Road before 1988.

Plaintiff's QTA claims will also fail because they cannot prove the elements of a public prescriptive easement. There has been no open and adverse and uninterrupted use of the West Side Road across GRKO for the statutory (5-year) period. To the extent such use may have occurred historically, any putative prescriptive use right was extinguished by reverse prescription in 1938 (through the actions of Con Warren) and in 1988 (through the actions of the United States).

Plaintiff's claims also must fail because the location of current West Side Road (over the E½ of Section 32) does not correspond to the various historical road locations cited in Plaintiff's Complaint. Plaintiff will not be able to establish historical use or R.S. 2477 right-of-way on the current route.

**D.    The legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority.**

The legal theory underlying the United States' defenses include that the Plaintiff's claims are barred by the Quiet Title Act's statute of limitations. 28 U.S.C. § 2409a(g). A strict condition of the waiver of sovereign immunity for QTA claims is that such claims must be brought within 12 years after they accrue. *United States v. Mottaz*, 476 U.S. 834, 843 (1986). The claim accrues when "the

plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g). The limitations provision in § 2409a(g) is a jurisdictional prerequisite. *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005).

The United States' defense is also based upon the law of easements. Plaintiff cannot establish a public prescriptive easement to the West Side Road. The public may acquire a prescriptive easement over a private road if the claimant establishes that the use of the roadway was open, notorious, adverse, continuous and uninterrupted for the complete statutory period. *Lewis and Clark County v. Schroeder*, 374 Mont. 477, 482 (2014). Montana's statutory prescriptive period is five years. *Id*.

E. **A computation of damages.**

The United States is not claiming damages in this case.

F. **The pendency or disposition of any related state or federal litigation.**

The United States is aware of the following, potentially related, active state court litigation: *Rock Creek Cattle Company, Ltd. LP v. Powell County*, Cause No. DV-22-42.

G. **Proposed additional stipulations of fact not included in the Statement of Stipulated Facts, *see* L.R. 16.2(b)(3), and the parties' understanding as to what law applies.**

None.

**H.   Proposed deadlines relating to joinder of parties or amendment of the pleadings.**

The parties have agreed to a proposed deadline for joinder of parties and/or amendment of pleadings July 29, 2022.

**I.   Identification of controlling issues of law suitable for pretrial disposition.**

Statute of limitations for claims arising under the Quiet Title Act.

**J.   The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information. If known, the address and telephone number of the individual must be provided to all counsel on request.**

### National Park Service Personnel

1.   <u>Jacqueline Lavelle, GRKO Superintendent, Deer Lodge, MT</u>

   Superintendent Lavelle has been the primary NPS point of contact for communications to and from Plaintiff regarding its claim to the road. Ms. Lavelle has knowledge of, and information relating to, GRKO's history and management of the site by NPS. Further, Ms. Lavelle has participated on behalf of NPS/GRKO in discussions with Plaintiff regarding the OYT project, negotiation of the CMA, and other matters involving the disputed road.

2.   <u>Jason Smith, GRKO Natural Resource Program Manager, Deer Lodge, MT</u>

   Mr. Smith has knowledge of Plaintiff's OYT project and has been working with county personnel and the Army Corps of Engineers regarding permitting questions for the OYT. Mr. Smith is familiar with the locations of the obliterated road and the West Side Road and has participated in meetings

involving GRKO and Powell County staff and commissioners regarding the road dispute.

   3.   <u>Julie Croglio, GKRO Chief of Interpretation and Education, Deer Lodge, MT</u>

Ms. Croglio is familiar with the locations of the obliterated road and the West Side Road and has participated in meetings involving GRKO and Powell County staff and commissioners regarding the road dispute. Ms. Croglio also sits on the Powell County Parks Board, in her individual capacity as a private citizen, and not in conjunction with her role at GRKO.

   4.   <u>Andrea Hannon, NPS GAOA Contract Expediter, Livingston, MT</u>

Ms. Hannon is familiar with the locations of the obliterated road and the West Side Road and has participated in meetings involving GRKO and Powell County staff and commissioners regarding the road dispute.

The United States may also use any other individuals identified by the Plaintiff during the course of litigation, or identified by third parties during depositions or discovery, to support it's claims or defenses.

**K.   The substance of any insurance agreement that may cover any resulting judgment.**

There is no applicable insurance agreement.

**L.   The status of any settlement discussions and the prospects for compromise of the case.**

There have been no settlement discussions since this action was filed. Prior to filing, the parties tried to negotiate a cooperative management agreement. Plaintiff abandoned that effort for unknown reasons.

**M.  Suitability of special procedures.**

The United States is not aware of any applicable or warranted special procedures.

**N.  A copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party may use to support its claim or defenses.**

The Unites States currently has in its possession the following documents which may be used to support its defenses in this case:

- 2019 Powell County Attorney Legal Opinion – Old Yellowstone Trail Project

- August 11, 2020, Letter and Attachments from J. Lavelle (NPS) to Powell County Attorney re: Old Yellowstone Trail discussions

- January 15, 2021, Letter and Exhibits from Attorney G. Schultz to J. Lavelle (NPS) re: County Road No. 9

- January 27, 2021, Letter from J. Lavelle (NPS) to Attorney G. Schultz re: Receipt of Letter and Support of OYT project

- June 9, 2021, Letter and Exhibits from Powell County Attorney to L. Bruno (NPS) re: OYT Development, Update, and Timeline

DATED this 27th day of June, 2022.

                JESSE A. LASLOVICH
                United States Attorney

                <u>/s/ Mark Steger Smith</u>
                MARK STEGER SMITH
                JOHN M. NEWMAN
                Assistant U.S. Attorneys
                Attorneys for United States

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2022, a copy of the foregoing document was served on the following person by the following means.

| | |
|---|---|
| __1, 2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | USAfx |
| _____ | E-Mail |

1. Clerk of Court

2. Gregory G. Schultz
Jeffrey R. Kuchell
CROWLEY FLECK PLLP
305 South 4th Street East, Suite 100
P.O. Box 7099
Missoula, Montana 59807-7099
(406) 523-3600 – phone
gschultz@crowleyfleck.com
jkuchel@crowleyfleck.com
*Attorneys for Plaintiff*

/s/ Mark Steger Smith
MARK STEGER SMITH
Assistant U.S. Attorney
Attorney for United States