# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| COUNTY OF POWELL, a political subdivision of the State of Montana,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,[1]<br><br>Defendant. | No. CV 22-21-H-SEH<br><br>**ORDER** |

A preliminary pretrial conference was held on July 6, 2022, at the Paul G. Hatfield Courthouse, Helena, Montana. Plaintiff was represented by Gregory Schultz. Defendant was represented by John Newman.

ORDERED:

1. <u>Scheduling Order</u>: The following schedule, established with the concurrence of the parties, will be observed:

| | |
|---|---|
| Amendments of pleadings under Fed. R. Civ. P. 15 and joinder of parties under Fed. R. Civ. P. 19 or 20 on or before: | <u>July 29, 2022</u> |

---

[1] The Caption is amended to reflect the proper party in interest. Fed. R. Civ. P. 21; *Sawtooth Mountain Ranch LLC v. United States*, 2020 WL 184576 (D. Idaho Jan. 13, 2020) (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983)).

| | |
|---|---|
| Plaintiff shall disclose, provide, and file reports of liability and damage experts: (1) in compliance with Fed. R. Civ. P. 26(a)(2); and (2) in compliance with and as specified in paragraph 7 of this Order, on or before: | January 6, 2023 |
| Defendant shall disclose, provide, and file reports of liability and damage experts: (1) in compliance with Fed. R. Civ. P. 26(a)(2); and (2) in compliance with and as specified in paragraph 7 of this Order, on or before: | February 10, 2023 |
| Plaintiff shall serve and file Fed. R. Civ. P. 26(a)(2)(A) and (C) disclosures of all non-retained experts in compliance with and as specified in paragraph 8 of this Order, on or before: | January 6, 2023 |
| Defendant shall serve and file Fed. R. Civ. P. 26(a)(2)(A) and (C) disclosures of all non-retained experts in compliance with and as specified in paragraph 8 of this Order, on or before: | February 10, 2023 |

Any request for discovery must be served by a date that will permit a timely response to be provided on or before the close of discovery date.

| | |
|---|---|
| Discovery closes: | March 31, 2023 |

Discovery motions, with supporting briefs, shall be filed no later than 10 days following the moving party's compliance with Fed. R. Civ. P. 26(c)(1) and 37(a)(1).

All pretrial motions, other than discovery motions,
shall be filed and fully briefed on or before:	June 30, 2023

An attorneys' conference to discuss the
final pretrial order preparation on or before:	August 31, 2023

Proposed final pretrial order on or before:	September 8, 2023

Absent Court order, a continuance of any deadline set by this Order does not extend any other deadline.

Except as otherwise authorized by order of Court, no request for extension of any deadline set by this Order will be considered by the Court unless such request, submitted in compliance with L.R. 7.1, is filed on or before 12:00 noon (MT) of the day preceding the Court-established deadline for which extension is sought.

FURTHER ORDERED:

2.  Initial disclosures under: (1) Fed. R. Civ. P. 26(a)(1)(A)(i) and (ii) of individuals likely to have discoverable information and supplemental disclosures under Fed. R. Civ. P. 26(e); and (2) L.R. 16.2 are to be made and filed with the Court as required by order of Court, notwithstanding other disclosures that have been or may be made known to opposing parties by any other provisions of Fed. R. Civ. P. 26(e)(1)(A). Further, supplemental disclosures: (1) of individuals likely to have discoverable information; and (2) of copies or description by category and

location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control, must be promptly filed with the Court and served upon counsel of record within ten (10) days of the date upon which the supplementing party learns that supplementation or correction is required. Persons not disclosed as required by this Order will not be permitted to testify at trial absent permission granted by order of Court. Documents and tangible things not disclosed as required by this Order may not be introduced as evidence at trial absent permission granted by order of Court.

Each party shall file, not less than 60 days before March 31, 2023, separate lists of all witnesses expected to be designated either as a "will call" witness or as a "may call" witness at trial. Such "will call" and "may call" witness lists may, upon motion and show of good cause, be amended or supplemented not later than 30 days before March 31, 2023.

3. Parties are not required to seek leave of the Court to amend pleadings under Fed. R. Civ. P. 15 or join parties under Fed. R. Civ. P. 19 or 20 prior to the amendment of pleadings and joinder of parties deadline established in paragraph 1. Further amendments of pleadings or joinder of parties other than as contemplated in paragraph 1 will not be permitted.

4. Discovery motions not submitted in compliance with this Order or

L.R. 26.3(c) will be denied.

5. "Fully briefed," as referenced in paragraph 1 above, means the brief in support of the motion and the opposing party's response brief are filed.

6. Identification and authenticity for all written documents produced in pretrial disclosure and during the course of discovery are stipulated, except as provided in this paragraph. If a party objects to either the identification or the authenticity of a particular document produced by another party, the objecting party must make and serve a specific written objection upon all other parties within 30 days of receipt. If a document is produced and the producing party objects either to identification or authenticity, the producing party shall so state, in writing, to all other parties at the time of production. All other objections are reserved for trial.

7. Expert reports for any witness retained or specially employed to provide expert testimony, or whose duties as an employee of a party involve giving expert testimony, are required. Such reports shall comply with Fed. R. Civ. P. 26(a)(2)(B) and the requirements of this Order and are to include:

    a. A separate statement of each opinion to be offered.

    b. Specific identification of and source citations to facts or data considered, referenced, or relied upon by the witness in forming each

of the opinions expressed. Copies of all documents and data considered, referenced, or relied upon shall be attached as exhibits to the report when filed.

    c.    A separate statement of the bases and reasons for each of the opinions.

Expert reports are to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

Expert reports will be required from treating physicians if testimony to be offered will include any opinions not fully expressed in the physician's medical records.

    8.    Separate written disclosures of all non-retained experts (expert witnesses not obliged to provide a Fed. R. Civ. P. 26(a)(2)(B) written report) are required. Such disclosures must address and include all information required by Fed. R. Civ. P. 26(a)(2)(A) and (C) and shall include:

    a.    A separate statement of each opinion to be offered.

    b.    Specific identification of and source citations to facts or data considered, referenced, or relied upon by the witness in forming the

each of the opinions expressed. Copies of all documents and data considered, referenced, or relied upon shall be attached as exhibits to the written disclosure when filed.

    c.    A separate statement of the bases and reasons for each of the opinions.

Such Fed. R. Civ. P. 26(a)(2)(A) disclosures are expected to be complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. An inadequate disclosure may result in exclusion of the expert's opinions at trial even if the expert has been deposed.

    9.    Evidence intended solely to contradict or rebut expert testimony or evidence identified by another party must be disclosed and filed within 30 days of the other party's expert disclosure date in paragraph 1. Fed. R. Civ. P. 26(a)(2)(D)(ii).

    10.    Initial reports, disclosures or depositions of experts determined to be inaccurate or incomplete are to be corrected or completed by supplemental disclosure filed within 30 days of the latter of: (1) the parties' expert disclosure date specified in paragraph 1 above; or (2) the date of the expert's deposition.

    11.    The final pretrial order must comply with the provisions of Fed. R. Civ. P. 26(a)(3)(A) and L.R. 16.4. **All attached lists must be in portrait**

**orientation.**

12. The final pretrial order supersedes all prior pleadings and may not be amended except by leave of Court.

13. Objections to exhibits, deposition testimony, or the use of other discovery to be offered at trial (e.g. interrogatories and responses to requests for admission) shall be included within the final pretrial order and shall state specific grounds for all objections. *See* L.R. 16.4. Objections not stated are waived. *See* L.R. 16.4(b)(5). Exhibits shall be filed in compliance with paragraph 14 of this Order.

The proposed final pretrial order shall be filed. A copy shall be provided to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626.

No later than the date of filing of the proposed pretrial order, each party shall file and provide to Chambers:

    a. The complete transcript of each deposition, any portion of which is to be offered at trial.

    b. Complete copy sets of all interrogatories served by the party.

    c. Complete copy sets of all answers to interrogatories received from any party, if any portion of such answers are to be offered at trial.

  d. Complete copy sets of each request for admission and of each response thereto to be offered at trial.

  e. Complete copy sets of all requests for production served by a party and complete copy sets of all responses to requests for production, if any portion of such responses are to be offered at trial.

**All responses to discovery to be offered as evidence at trial, in order to be considered for admission as evidence at trial, must satisfy the requirements for admissibility as evidence under the Federal Rules of Evidence.**

14. <u>Exhibits</u>:

  a. Exhibits are to be bound in a loose-leaf binder and exchanged with opposing counsel prior to the filing of the pretrial order.

  b. Each exhibit shall bear an extended tab showing the number of the exhibit.

  c. Each exhibit document shall be paginated, including any attachments. Plaintiff's exhibits shall be numbered 1 up to 500. Defendant's exhibits shall be numbered 501 and up. All exhibits shall be numbered in chronological sequence. **Any exhibits from depositions to be offered at trial shall be labeled with a trial exhibit number only.**

  d. Exhibits shall not be duplicated.

  e. Exhibits shall be filed in the electronic record.

  f. The original of document exhibits shall be delivered to the Clerk of Court on or before September 8, 2023.

  g. A copy of exhibits shall be mailed to Chambers, 901 Front Street, Suite 3100A, Helena, Montana, 59626, on or before September 8, 2023.

  h. The parties are expected to use the Court's available evidence presentation technology for exhibit display.

  i. *Audio or video electronic exhibits must be in a format compatible with the evidence presentation technology. Parties may contact the Clerk's office for technical assistance.*

15. <u>Experts:</u> Corrections or supplements to expert reports and written disclosures shall be filed in accordance with paragraphs 1, 7, 8, 9 and 10 above.

DATED this 6th day of July, 2022.

*[signature]*
SAM E. HADDON
United States District Judge

-10-